HEIDRITTER LUMBER COMPANY, PLAINTIFF-APPEL-
LANT, v. CENTRAL RAILROAD COMPANY OF NEW
JERSEY, DEFENDANT-RESPONDENT.

Decided April 19, 1923.

**Common Carriers—Measure of Loss to Shipper.**

Before Justices PARKER and BERGEN.

For the plaintiff, *Rusinow & Parvin.*

For the defendant, *De Voe Tomlinson.*

PER CURIAM.

The plaintiff delivered a carload of coal to the defendant at
Nottingham, Pennsylvania, to be forwarded to the defendant
at Elizabethport, New Jersey, and when it was delivered to
the plaintiff it was found five and four hundredths gross
tons of coal were missing, and the plaintiff brought this suit
to recover the value of the shortage. The District Court gave
a judgment for the plaintiff for the market value of the
coal at point of shipment, as well as the freight and war
taxes. From this the plaintiff has appealed and the question
presented is whether the plaintiff was entitled to the value
of the coal at destination rather than at the point of ship-
ment, which was higher than at the point of shipment. It
is not denied that the retail price of coal at Elizabethport
was higher than at the point of shipment, and the real
question at issue is whether the plaintiff was entitled to
recover the retail value at destination rather than the whole-
sale value at the point of shipment. In *Blessing* v. *Central
Railroad Co. of New Jersey,* 91 *N. J. L.* 398, the Supreme
Court laid down this rule, "At the common law the measure
of damages in the case of a total loss of shipment was,
first, the value of the goods at the time and place of desti-

nation, and secondly, any incidental damages which were the natural and proximate result of the breach of the contract of carriage." If this rule be applied then the plaintiff in the present suit was entitled to recover the value of the goods at the place of destination, and any incidental damages resulting from the breach of contract of carriage. In *Chi., M. & St. P. Ry. Co.* v. *McCaull-Dinsmore Co.*, 171 *C. C. A.* 561, which was a suit to recover the difference between the value at point of shipment and destination on a shipment of grain, in which the plaintiff recovered, the defendant claiming that by the contract of shipment the damages should be computed on the basis of the value of the property at the place and time of shipment. To which the court said, "We deem such contention unsound. There was no uncertainty as to the time or place of estimating value under the rule of common law—it was the destination. The evident purpose of the provision in the bill of lading was not to introduce certainty but to avoid the rule existing at law for the obvious object of escaping the higher valuation which would often arise at destination. Such a provision is unquestionably a limitation since it forbids application of the established rule," and held that notwithstanding the bill of lading the plaintiff was entitled to recover the value at destination. The case last mentioned was affirmed by the Supreme Court of the United States under the same title (253 *U. S.* 97), in which Mr. Justice Holmes said, "the rule of the common law is not a fiat but an embodiment of the plain fact that the actual loss caused by the breach of contract is the loss of what the contractee would have had if the contract had been performed." We think the cases cited establishes the rule that the measure of damages in such cases is to be assessed as of the value of the cargo at destination. The defendant argues, however, that as the entire quantity was purchased at wholesale, and there being no wholesale market at Elizabethport the value must be the wholesale price at the point of shipment, and cites some cases which seem to hold with the defendant. But that

is not the rule either in this state, nor that enforced by the Supreme Court of the United States. To have supplied this lost coal at Elizabethport would have cost the plaintiff more than the wholesale price at the mines, or point of shipment. The plaintiff was entitled to replace the coal at its value at destination because the quantity that was lost could not be bought at wholesale rates anywhere. Our conclusion is that the trial court applied an erroneous measure of damages and for that reason the judgment will be reversed.